## Payne v. Commonwealth.

February 13, 1948.

Edward P. Hill, Judge.

Clark Pratt for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant was convicted of the offense of assault and battery, and his punishment fixed at a fine of $100 and confinement in the county jail for twenty days. He seeks a reversal of the judgment on two grounds: (1) Newly discovered evidence; and (2) errors in the instructions.

It is unnecessary to consider ground (1), since the judgment must be reversed for errors in the instructions. The court gave the following instructions:

"No. 1. If the Jury believe and find from the evidence in the case that the defendant has been proven guilty beyond a reasonable doubt you may fix his pun-

ishment by fine or by imprisonment in the county jail any length of time in your discretion or you may both fine and imprison him in your reasonable judgment.

"No. 2. If you have any reasonable doubt of defendant having been proven guilty you will find him not guilty."

Instruction No. 1 failed to define or refer to any crime, and limited the jury to no particular crime, time or place. As said in Napier v. Commonwealth, 236 Ky. 147, 32 S. W. 2d 743, 744: "It needs no elaboration of discussion to sustain the statement that such an instruction is erroneous."

The instruction on reasonable doubt is criticized, but it is in the customary approved form. Stanley on Instructions, section 806.

Appellant complains because the court failed to instruct on self-defense, but there was no evidence warranting such an instruction.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed with directions to grant appellant a new trial.