## Burchett v. Commonwealth.

October 7, 1949.

H. R. Burke for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Reversing.

Under an indictment charging him with selling intoxicating liquor within the twelve months last past in Floyd County, which was local option territory, Willard Burchett was tried and convicted. His punishment was fixed by the jury at a fine of $100 and imprisonment in the county jail for 30 days and from the judgment entered thereon he appeals.

The sole ground upon which appellant seeks to reverse the judgment is that the court gave this improper instruction to the jury: "If the jury believe from the evidence, beyond a reasonable doubt, that the defendant has been proven guilty of selling whiskey in dry territory, you will fix his fine at not less than $20.00, nor more than $100.00, and by imprisonment in the county jail for not less than 30 nor more than 60 days." The only other instruction given was the one on reasonable doubt.

It is apparent this instruction is erroneous because it neither fixes the time nor the place of the sale. Before the jury could convict accused it had to believe beyond a reasonable doubt that he sold this liquor in Floyd County, Kentucky, which was local option territory, within twelve months before the finding of the indictment. Payne v. Com., 306 Ky. 600, 208 S. W. 2d 726; Napier v. Com., 236 Ky. 147, 32 S. W. 2d 743.

The Assistant Attorney General who briefed the case for Commonwealth admits with commendable frankness the instruction is erroneous, and that the judgment should be reversed.

The motion for an appeal is sustained, the appeal granted and the judgment is reversed for proceedings consistent with this opinion.